IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.,<br><br>Defendant. | CIVIL ACTION NO. 6:20-cv-1166<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendant Salesforce.com, Inc. ("Salesforce") and alleges:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

**THE PARTIES**

1. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Salesforce is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 415 Mission Street, 3rd Floor, San Francisco, California 94105.

## JURISDICTION AND VENUE

3. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general personal jurisdiction over Defendant pursuant to due process and/or the Texas Long Arm Statute because Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Salesforce has established minimum contacts with the forum. For example, on information and belief, Defendant has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

6. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant has committed acts of infringement in this judicial district and has regular and established places of business in this judicial district and in Texas. As non-limiting examples, on information and belief, Defendant uses office space in Austin for client meetings. Salesforce has more than 300 employees that work in this judicial district, including employees working in the cities of Waco, Austin, and San Antonio. The titles of said employees include "Vice President," "Principal Architect," and "Senior Director."

7. Upon information and belief, the majority of Salesforce's nationwide workforce is working from home and will continue to be allowed to do so until at least August of 2021. Upon information and belief, some of the Salesforce employees working in the Western District utilize

their home as a principal place of business for Salesforce. Additionally, such employees are allowed to advertise that they are, for example, an Austin Salesforce employee. Because of such representations, local magazines advertise Salesforce as having a place of busines in Austin.



Source: https://www.builtinaustin.com/company/salesforce

**COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 8,335,819**

1. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

2. On December 18, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,335,819 ("the '819 Patent"), entitled "Method and apparat for providing client-side caching." A true and correct copy of the '819 Patent is attached as Exhibit A to this Complaint.

3. Brazos is the owner of all rights, title, and interest in and to the '819 Patent, including the right to assert all causes of action arising under the '819 Patent and the right to any

remedies for the infringement of the '819 Patent.

4. Salesforce makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, the Salesforce Mobile application or app (collectively, the "Accused Products").

5. The Salesforce mobile application provides instant access to the company's customer relationship management data. CRM provides services like Contact Management, Opportunity Management, Lead Management, and many more.



Source: https://www.salesforce.com/solutions/mobile/overview/, Page 1.



Source: https://www.salesforce.com/solutions/mobile/overview/

6. The Salesforce Mobile app receives requests from devices for scripting files associated with web content. The scripting files support client-side caching at the device.

7. The Salesforce Mobile app enables its users to provide their cache preferences in the mobile application. Caching enables users to choose records that they want to see when the users are offline. A user can provide a request to cache records by providing preferred records for caching among the available records.

8. When a user provides a preference for caching a record, a request is provided for a scripting file associated with web content from the user device.



Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5, Page 1.

9. The Salesforce Mobile app identifies that the request is received over a connection supporting connection reuse.

10. The Salesforce Mobile app enables users to provide a cache request over a connection supporting connection reuse. Connection reuse refers to the device service allowing the receipt of more than one cache request at a time. Since a user can provide cache requests for multiple records at a time, the salesforce mobile app supports connection reuse.



Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5, Page 1,

11. The Salesforce mobile app detects whether a record cache request is provided for the first time or not. When a record is cached for the first time, it remains as cached for the first thirty days. If the record is not accessed by the user again in thirty days, it's removed from the cache.

> A record remains in the user's cache for 30 days. Each time the same record is accessed, the clock resets. But if the record isn't touched within 30 days, it's automatically removed from the cache and won't be available offline until the user accesses the record again.

Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5

12. The Salesforce mobile app determines if the request is a first time request and collects session configuration information for the web content from the device, specifies session variables in the scripting file based on the session configuration information, and initiates a subsequent request for the scripting file over the connection

13. The Salesforce mobile app collects session configuration information for the web content and specifies the session variables. When a user provides a cache request for the first time, the session configuration information, such as user identity or the session time, is collected from

the user device. User identity is represented by user ID and password (e.g., session variables) in the scripting file. Session time (e.g., session variables) is the time for which the user remains logged in after caching. If the user logs out, the session is closed.

14. Once the information is collected, the subsequent request is initiated for the scripting file over the connection.

> Platform Cache is a memory layer that stores Salesforce session and org data for later access. When you use Platform Cache, your applications can run faster because they store reusable data in memory. Applications can quickly access this data; they don't need to duplicate calculations and requests to the database on subsequent transactions. In short, think of Platform Cache as RAM for your cloud application.

Source: https://trailhead.salesforce.com/en/content/learn/modules/platform_cache/platform_cache_get_started#:~:text=Platform%20Cache%20is%20a%20memory,store%20reusable%20data%20in%20memory, Page 2.



> NOTE A session is the time between logging in to and out of the mobile app. Putting the app in the background by switching away to a different app doesn't end a session.

Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5, Page 1.

> Use the Cache.Session and Cache.SessionPartition classes to manage values in the session cache. To manage values in any partition, use the methods in the Cache.Session class. If you're managing cache values in one partition, use the Cache.SessionPartition methods instead.

Source: https://developer.salesforce.com/docs/atlas.en-us.apexcode.meta/apexcode/apex_cache_namespace_overview.htm, Page 1.

> - Logging out of the Salesforce mobile app removes all data from the cache. The next time the user logs in, the process of generating the cache starts over.

Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5.

15. The Salesforce mobile app detects a subsequent request, marking the session variables in the scripting file as cacheable at the device, and causing, at least in part, transmission of the scripting file to the device.

16. The Salesforce mobile app marks session variables in the scripting file as cacheable at the device for the subsequent request provided by the user. When a record is cached for the first time, it remains as cached for the first thirty days. If the record is not accessed by the user again in thirty days, it's removed from the cache.

17. When the same cached record is accessed for a subsequent time, the thirty days are renewed, which means another thirty-day clock is started. In this way, the Salesforce mobile app checks whether the cache request provided is subsequent. Hence, all the session variables, such as the cache cycle and user identity, are cached at the device.

18. When a subsequent request is provided for caching, at least in part, transmission of the scripting file to the device is caused.

> - A record remains in the user's cache for 30 days. Each time the same record is accessed, the clock resets. But if the record isn't touched within 30 days, it's automatically removed from the cache and won't be available offline until the user accesses the record again.

Source: https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5, Page 2.

19. In view of preceding paragraphs, each and every element of at least claim 1 of the '819 Patent is found in the Accused Products.

20. Salesforce continues to directly infringe at least one claim of the '819 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

21. Salesforce has received notice and actual or constructive knowledge of the '819 Patent since at least the date of service of this Complaint.

22. Since at least the date of service of this Complaint, through its actions, Salesforce has actively induced product makers, distributors, retailers, and/or end users of the Accused

Products to infringe the '819 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- [https://www.salesforce.com/solutions/mobile/overview/](https://www.salesforce.com/solutions/mobile/overview/)
- [https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5](https://help.salesforce.com/articleView?id=salesforce_app_offline.htm&type=5),
- [https://trailhead.salesforce.com/en/content/learn/modules/platform_cache/platform_cache_get_started#:~:text=Platform%20Cache%20is%20a%20memory,store%20reusable%20data%20in%20memory](https://trailhead.salesforce.com/en/content/learn/modules/platform_cache/platform_cache_get_started#:~:text=Platform%20Cache%20is%20a%20memory,store%20reusable%20data%20in%20memory).
- [https://developer.salesforce.com/docs/atlas.en-us.apexcode.meta/apexcode/apex_cache_namespace_overview.htm](https://developer.salesforce.com/docs/atlas.en-us.apexcode.meta/apexcode/apex_cache_namespace_overview.htm)

23. Since at least the date of service of this Complaint, through its actions, Salesforce has contributed to the infringement of the '819 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '819 Patent. The Accused Products are especially made or adapted for infringing the '819 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '819 Patent.

**JURY DEMAND**

Brazos hereby demands a jury on all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Salesforce infringes one or more claims of the '819 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Salesforce has induced infringement and continues to induce infringement of one or more claims of the '819 Patent;

(C) Enter judgment that Salesforce has contributed to and continues to contribute to the infringement of one or more claims of the '819 Patent;

(D) Award Brazos damages, to be paid by Salesforce in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Salesforce of the '819 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E) Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F) Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: December 18, 2020                    Respectfully submitted,

*/s/ James L. Etheridge*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**